MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
LUISA SANTOS DE OLIVEIRA, *individually*
*and on behalf of others similarly situated,*

*Plaintiff,*

-against-

SCORES HOLDING COMPANY INC.
(D/B/A SCORES), CLUB AZURE LLC
(D/B/A SCORES), ROBERT GANS, MARK S.
YACKOW, and HOWARD ROSENBLUTH,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b) AND RULE 23
CLASS ACTION**

**ECF Case**

Plaintiff Luisa Santos De Oliveira ("Plaintiff Santos" or "Ms. Santos"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Scores Holding Company Inc. (d/b/a Scores), Club Azure LLC (d/b/a Scores), ("Defendant Corporations"), Robert Gans,  Mark S. Yackow, and Howard Rosenbluth, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.     Plaintiff Santos is a former employee of Defendants Scores Holding Company Inc. (d/b/a Scores), Club Azure LLC (d/b/a Scores), Robert Gans, Mark S. Yackow, and Howard Rosenbluth.

2.      Defendants own, operate, or control a bar, located at 536 W 28th St, New York, NY 10001 under the name "Scores".

3.      Upon information and belief, individual Defendants Robert Gans, Mark S. Yackow, and Howard Rosenbluth, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the bar as a joint or unified enterprise.

4.      Plaintiff Santos was employed as a waitress at the bar located at 536 W 28th St, New York, NY 10001.

5.      At all times relevant to this Complaint, Plaintiff Santos worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Santos appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Santos the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

8.      In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Santos' and other tipped employees' tips and made unlawful deductions from Plaintiff Santos' and other tipped employees' wages.

9.      Defendants' conduct extended beyond Plaintiff Santos to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Santos and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Santos now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.   Plaintiff Santos now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Santos' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bar located in this district. Further, Plaintiff Santos was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.   Plaintiff Luisa Santos De Oliveira ("Plaintiff Santos" or "Ms. Santos") is an adult individual residing in Queens County, New York.

16.   Plaintiff Santos was employed by Defendants at "Scores New York" from approximately October 20, 2017 until on or about March 19, 2018.

17.    Plaintiff Santos consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.    At all relevant times, Defendants own, operate, or control a bar, located at 536 W 28th St, New York, NY 10001 under the name "Scores".

19.    Upon information and belief, Scores Holding Company Inc. (d/b/a Scores) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 536 W 28th St, New York, NY 10001.

20.    Upon information and belief, Club Azure LLC (d/b/a Scores) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 536 W 28th St, New York, NY 10001.

21.    Defendant Robert Gans is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Robert Gans is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Robert Gans possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Santos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant Mark S. Yackow is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mark S. Yackow is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mark S. Yackow possesses operational control over Defendant Corporations, an

ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Santos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.    Defendant Howard Rosenbluth is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Howard Rosenbluth is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Howard Rosenbluth possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Santos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.    Defendants operate a bar located in the Midtown West section of Manhattan in New York City.

25.    Individual Defendants, Robert Gans, Mark S. Yackow, and Howard Rosenbluth, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

26.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.    Each Defendant possessed substantial control over Plaintiff Santos' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Santos, and all similarly situated individuals, referred to herein.

28.    Defendants jointly employed Plaintiff Santos (and all similarly situated employees) and are Plaintiff Santos' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29.    In the alternative, Defendants constitute a single employer of Plaintiff Santos and/or similarly situated individuals.

30.    Upon information and belief, Individual Defendants Robert Gans, Mark S. Yackow, and Howard Rosenbluth operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separated and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

31.    At all relevant times, Defendants were Plaintiff Santos' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire

Plaintiff Santos, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Santos' services.

32.     In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bar on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34.     Plaintiff Santos is a former employee of Defendants who was employed as a waitress.

35.     Plaintiff Santos seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luisa Santos De Oliveira*

36.     Plaintiff Santos was employed by Defendants from approximately October 20, 2017 until on or about March 19, 2018.

37.     Defendants employed Plaintiff Santos as a waitress.

38.     Plaintiff Santos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Santos' work duties required neither discretion nor independent judgment.

40.     Throughout her employment with Defendants, Plaintiff Santos regularly worked in excess of 40 hours per week.

41.     From approximately October 20, 2017 until on or about October 31, 2017, Plaintiff Santos worked from approximately 7:00 p.m. until on or about 4:00 a.m., 2 days a week and from approximately 7:00 p.m. until on or about 6:00 a.m., one day a week (typically 29 hours per week).

42.     From approximately November 2017 until on or about March 12, 2018, Plaintiff Santos worked from approximately 7:00 p.m. until on or about 4:00 a.m., three days a week, from approximately 7:00 p.m. until on or about 6:00 a.m., one day a week, and from approximately 7:00 p.m. until on or about 4:00 a.m., one extra day once per month (typically 38 to 47 hours per week).

43.     From approximately March 13, 2018 until on or about March 19, 2018, Plaintiff Santos worked from approximately 7:00 p.m. until on or about 4:00 a.m., 4 days a week, from approximately 7:00 p.m. until on or about 6:00 a.m., one day a week, and from approximately 7:00 p.m. until on or about 4:00 a.m., one day a week (typically 56 hours per week).

44.     Throughout her employment, Defendants paid Plaintiff Santos her tips by direct deposit.

45.     From approximately October 20, 2017 until on or about March 19, 2018, Defendants paid Plaintiff Santos did not pay Plaintiff Santos any wages for the hours worked.

46.     Defendants withheld a portion of Plaintiff Santos' tips; specifically, Defendants pocketed around the 5% or more of all of her weekly tips.

47.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santos regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Santos an accurate statement of wages, as required by NYLL 195(3).

49.     Defendants did not give any notice to Plaintiff Santos of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50.     Defendants required Plaintiff Santos to purchase "tools of the trade" with her own funds—including two corsets.

*Defendants' General Employment Practices*

51.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Santos (and all similarly situated employees) to work in excess of 40 hours a

week without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

52. Plaintiff Santos was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

53. Defendants' pay practices resulted in Plaintiff Santos not receiving payment for all her hours worked, and resulting in Plaintiff Santos' effective rate of pay falling below the required minimum wage rate.

54. In violation of federal and state law as codified above, Defendants classified Plaintiff Santos as tipped employees, and paid them at a rate that was lower than the minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

55. Defendants failed to inform Plaintiff Santos who received tips that Defendants intended to take a deduction against Plaintiff Santos' earned wages for tip income, as required by the NYLL before any deduction may be taken.

56. Defendants failed to inform Plaintiff Santos who received tips, that her tips were being credited towards the payment of the minimum wage.

57. Defendants failed to maintain a record of tips earned by Plaintiff Santos who worked as waitress for the tips she received.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records, and failing to provide weekly paystubs to Plaintiff Santos for her hours worked.

59. Defendants paid Plaintiff Santos her tips by direct deposit.

60. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Santos who received tips, by engaging in a pattern, practice, and/or

policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving waitress of a portion of the tips earned during the course of employment.

61.     In fact, Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

62.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

63.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

64.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Santos (and similarly situated individuals) worked, and to avoid paying Plaintiff Santos properly for her full hours worked.

65.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

66.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Santos and other similarly situated former workers.

67.     Defendants failed to provide Plaintiff  Santos and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of

pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68.     Defendants failed to provide Plaintiff Santos and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.   Plaintiff Santos brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class""), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 class Period").

70.   At all relevant times, Plaintiff Santos and other members of the FLSA and Rule 23 class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

71.   The claims of Plaintiff Santos stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

72.   Plaintiff Santos sue on her own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

73.   Plaintiff Santos brings her New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Santos, are referred to herein as the "Class."

74.   The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of

that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

75.     There are questions of law and fact common to the Class including:

76.     What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

77.     What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

78.     What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

79.     Whether Defendants failed and/or refused to pay Plaintiff Santos the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

80.     Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

81.     Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

82.     At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

83.     What are the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

84.     The claims of the representative parties are typical of the claims of the class. Plaintiff Santos and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff Santos were and are typical of those of class members.

85.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff Santos is represented by

attorneys who are experienced and competent in both class action litigation and employment litigation.

86.     The common questions of law and fact predominate over questions affecting only individual members.

87.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

88.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

89.     Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Santos' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Santos (and the FLSA and Rule 23 class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

91.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.   Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

93.   Defendants failed to pay Plaintiff Santos (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94.   Defendants' failure to pay Plaintiff Santos (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

95.   Plaintiff Santos (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

96.   Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

97.   Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Santos (and the FLSA and Rule 23 class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

98.   Defendants' failure to pay Plaintiff Santos (and the FLSA and Rule 23 class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

99.   Plaintiff Santos (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

100.   Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

101. At all times relevant to this action, Defendants were Plaintiff Santos' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Santos, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

102. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Santos less than the minimum wage.

103. Defendants' failure to pay Plaintiff Santos the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

104. Plaintiff Santos (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

105. Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

106. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Santos overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107. Defendants' failure to pay Plaintiff Santos (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

108. Plaintiff Santos (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

- 16 -

OF THE NEW YORK COMMISSIONER OF LABOR

109. Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

110. Defendants failed to pay Plaintiff Santos one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Santos' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

111. Defendants' failure to pay Plaintiff Santos an additional hour's pay for each day Plaintiff Santos' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

112. Plaintiff Santos (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

113. Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

114. Defendants failed to provide Plaintiff Santos with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

115. Defendants are liable to Plaintiff Santos in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

116.   Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

117.   With each payment of wages, Defendants failed to provide Plaintiff Santos with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

118.  Defendants are liable to Plaintiff Santos in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

119.   Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

120.   Defendants required Plaintiff Santos to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

121.  Plaintiff Santos (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

122.   Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

123.   At all relevant times, Defendants were Plaintiff Santos' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

124.   New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

125.   Defendants unlawfully misappropriated a portion of Plaintiff Santos' tips that were received from customers.

126.   Defendants knowingly and intentionally retained a portion of Plaintiff Santos' tips in violations of the NYLL and supporting Department of Labor Regulations.

127.   Plaintiff Santos was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Santos respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and Rule 23 class action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Santos (and the FLSA and Rule 23 class members);

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Santos (and the FLSA and Rule 23 class members);

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Santos' and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Santos and the FLSA and Rule 23 class members;

(f)      Awarding Plaintiff Santos and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Santos and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Santos;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Santos;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Santos;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Santos' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Santos;

(m)     Awarding Plaintiff Santos damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Santos damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Santos liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Santos and the FLSA Class and Rule 23 members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Santos and the FLSA Class and Rule 23 members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Santos demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       July 27, 2018

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                           By:     <u>/s/ Michael Faillace  </u>
                                      Michael Faillace [MF-8436]
                                      60 East 42nd Street, Suite 4510
                                      New York, New York 10165
                                      Telephone: (212) 317-1200
                                      Facsimile: (212) 317-1620
                                      *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620

————

Faillace@employmentcompliance.com


April 23, 2018

BY HAND


TO:     Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Luisa Santos Deoliveira_____


Legal Representative / Abogado:    Michael Faillace & Associates, P.C._____


Signature / Firma:                _____


Date / Fecha:                     _____23 de abril de 2018_____

*Certified as a minority-owned business in the State of New York*