MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LUISA SANTOS DE OLIVEIRA, *individually*                    **18-cv-06769-GBD**
*and on behalf of others similarly situated,*

                         Plaintiffs,

     -against-

SCORES HOLDING COMPANY, INC.,
(D/B/A SCORES), CLUB AZURE LLC
(D/B/A SCORES), ROBERT GANS,
MARK S. YACKOW, and HOWARD
ROSENBLUTH,

                         Defendants,
-------------------------------------------------------------------x


# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'

# MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF

# PLAINTIFFS' CROSS MOTION FOR PATRIAL SUMMARY JUDGMENT

1

## PRELIMINARY STATEMENT

On or about July 27, 2018, Plaintiff Luisa Santos de Oliveira filed a Complaint (the "Complaint") in the instant action alleging various violations of both the Fair Labor Standard Act, as amended, 29 U.S.C. § 201 *et seq* ("FLSA") and New York Labor Laws ("NYLLs"). Plaintiff claims that Defendants failed, *inter alia,* to pay her (1) statutory minimum wages; (2) overtime wages; and (3) spread of hours and wages. In addition, Plaintiff alleges that she never received any notices from Defendants that Defendants were taking a tip credit. Nor did she receive written notices of her hourly pay and overtime rates of pay or an accurate wage statement with each payment of wages. Finally, Plaintiff claims that she was not reimbursed for equipment costs and that Defendant misappropriated tips she received from customers.

## STATEMENT OF FACTS

Plaintiff, former cocktail waitress for Defendant's hospitality business, maintains that the Defendant violated the FLSA and New York Labor Laws, by: 1) failing to pay the full minimum wage; (2) failing to pay the correct overtime pay, (3,) failing to provide Plaintiff an initial hiring notice, (4) failing to provide accurate wage statements, and (5) failing to pay spread-of-hours pay. Specifically, Plaintiff alleges that she never received compliant notices from Defendants and never received compliant notice that Defendants were taking a tip credit. Further, Plaintiff also alleges that he was not provided with an accurate wage statement, in violation of the New York Labor Law. Additionally, Defendant did not pay Plaintiff required spread of hours pay.

Plaintiff incorporates by reference her separate Response and Counter Statement of Undisputed Material Facts pursuant to Local Civil Rule 56.1 filed contemporaneously with the herein Memorandum and exhibits attached to the Naydenskiy Declaration.

## ARGUMENT

### I.    THE STANDARD ON A SUMMARY JUDGMENT MOTION

Summary judgment may be granted where there is not genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

### II.    PLAINTIFF WAS NOT LEGALLY PAID AT THE TIP-CREDIT RATE

**A. It is Defendant's burden to show that they complied with the notice requirements in order to pay Plaintiffs below minimum wage.**

The employer bears the burden of demonstrating compliance with the FLSA's notice requirement. If the employer cannot show that it has informed employees that tips are being credited against their wages, then no tip credit can be taken and the employer is liable for the full minimum-wage. *Hernandez v. JRPAC Inc.*, 2016 U.S. Dist. LEXIS 75430, *75-76. (internal citations and quotations omitted).

Likewise, the New York Labor Law ("NYLL") sets forth that it is the employers' burden to show that it has complied with the tip credit notice requirements at the start of employment. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2 ("The employer has the burden of proving compliance with the notification provisions of this section.")

**B. Defendant did not provide Plaintiff with compliant NYLL written notice in order to pay Plaintiff below the minimum wage.**

New York Labor Law allows some employers to pay their employees under minimum wage, at a tip credit rate of pay, if the employer provides the employee written notice, at the start of employment of (a) "the employee's regular hourly pay rate, overtime hourly pay rate, the amount

3

of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. The employer must provide notice in (1) English; and (2) any other language spoken by the new employee as his/her primary language, so long as the Commissioner has made such notice available to employers in such language on the department's website. (b) Such notice shall also be required prior to any change in the employee's hourly rates of pay. (c) An acknowledgment of receipt signed by the employee shall be kept on file for six years. (d) The employer has the burden of proving compliance with the notification provisions of this section." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2 (Lexis Advance through October 12, 2018); (*Chichinadze v BG Bar, Inc.*, 2021 US Dist LEXIS 23594, at *26 [SDNY Feb. 8, 2021]); (Garcia v Saigon Mkt. LLC, 2019 US Dist LEXIS 163259, at *10 [SDNY Sep. 24, 2019, No. 15-CV-9433 (VSB)]); *Camara v. Kenner*, No. 16-CV-7078 (JGK), 2018 WL 1596195, at *11 (S.D.N.Y. Mar. 29, 2018); *Jindan Wu v. Nat. Tofu Rest. Corp.*, No. 16-cv-3613-ARR-ST, 2018 U.S. Dist. LEXIS 26923, at *14-15 (E.D.N.Y. Feb. 20, 2018).

Here, on page 13 of its memorandum of law for summary judgment, Defendant readily admits that it did not provide Plaintiff with the requisite written notice under New York Labor Law stating "[i]t is undisputed that Defendant claimed a tip credit when calculating Plaintiff's hourly wage, but it did not provide Plaintiff with the requisite written notice under New York's Labor Laws".

Therefore, because Defendant did not provide/produced the required notices, Defendant was not entitled to pay Plaintiff below the minimum wage and Plaintiff is entitled to Summary Judgment.

**C. Defendant can not overcome their burden to show compliant FLSA notice to avail itself of the tip credit affirmative defense.**

Under the FLSA, an employer may pay food service employees at a lower tip credit rate if the employee regularly receives more than $30 a month in tips. 29 U.S.C. §§ 203 (m), 203(t). Such employees may be paid at a rate of $2.13 per hour, provided that when their tips are accounted for, they receive the minimum wage of $7.25 per hour. 29 U.S.C. §203(m); *Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, *9 n. 4, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013).

4

Proper notice of the tip credit under the FLSA requires "at the very least[,] notice to employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations." *Copantitla*, 788 F. Supp. 2d at 287-288 (quoting *Martin v. Tango's Rest., Inc.,* 969 F.2d 1319, 1322 (1st Cir. 1992)).    Before using the tip credit, an employer must inform the employee of:

> [t]he amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly received tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

*Tae Kim v. Kum Gang*, Index No. 12-cv-6344 (MHD), 2015 U.S. Dist. LEXIS 39095, *79 (S.D.N.Y. Mar. 19, 2015) (quoting 29 C.F.R. §531.59(b)).  Merely hanging a poster that informs employees of minimum wage obligations does not satisfy the requirement to give proper notice of an employer's intention to pay at the tip credit rate[1].  *Copantitla*, 788 F. Supp. 2d at 289-290.  The "notice provision is strictly construed and normally required that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit."  *Inclan v. New York Hospitality Grp., Inc.,* Index No. 12-cv-4498 (NRB), 2015 U.S. Dist. LEXIS 39342, *10-*11 (S.D.N.Y. Mar. 26, 2015) (quoting *Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 27 (1st Cir. 2014)). The employer "bear[s] the burden of showing that [it] satisfied the FLSA's notice requirement by, for example, providing employees with a copy of § 203(m) and informing them that their tips will be used as a credit against the minimum wage as permitted by law."  *Id.*, 2015 U.S. Dist. LEXIS

---

[1] These recent posters were not produced in discovery.

39342, *11 (quoting *He v. Home on 8th Corp.*, No. 09 Civ. 5630, 2014 U.S. Dist. LEXIS 114605, 2014 WL 3974670, at *5 (S.D.N.Y. Aug. 13, 2014).

Here, the Defendants cannot show that they informed Plaintiff of (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement, and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements. Moreover, Plaintiff disputes that she was ever orally told about the tip credit or Defendant's intention to claim the tip credit against Plaintiff's wages. (Naydenskiy Decl. Ex. C)

Exactly like the Defendants in *Garcia v Saigon Mkt. LLC*, Defendant did not depose Plaintiff and did not build a record regarding Plaintiff's understanding of precisely how Defendants calculated her wages. See *Garcia v Saigon Mkt. LLC*, 2019 US Dist LEXIS 163259, at *26 [SDNY Sep. 24, 2019, No. 15-CV-9433 (VSB) ("Defendants did not depose Plaintiffs in this litigation and thus did not build a record regarding Plaintiffs' understanding of precisely how Defendants calculated their wages. Furthermore, although Ms. Nguyen testified that she informed Plaintiffs that their pay would be "minimum wage, plus whatever tips you make," this testimony is also insufficient since it does not indicate that Defendants satisfied "the standard for the notice obligation articulated by the Courts of Appeals, which have uniformly 'require[d] at the very least notice to employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations.'") (internal citations omitted)

6

Thus, Defendants cannot show that they gave the Plaintiffs the required notice to avail themselves of the FLSA's tip credit provisions. Therefore, Plaintiffs should be granted Summary Judgment.

### III. DEFENDANTS ADMIT THAT THEY DID NOT PROVIDE PLAINTIFF WITH A WTPA HIRING NOTICES

Defendant admits that it did not provide Plaintiff with an initial hiring notice at the time of hire as required by NYLL § 195(1)(a). Since April 2011, the NYLL § 195(1) has required employers to provide notice in English (and the employee's primary language if other than English) that contained the following information:

> (1) the rate or rates of pay and basis thereof; (2) allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; (3) the regular pay day designated by the employer; (4) the employer's name; (5) any "doing business as" names used by the employer; (6) the physical address of the employer's main office or principal place of business, and a mailing address if different; (7) the employer's telephone number; and (8) such other information as the commissioner deems material and necessary.

*Salinas*, 2015 WL 4757618, at *22 (citing NYLL § 195(1)(a)). "For all employees who are not exempt from overtime compensation . . . the notice must state the *regular hourly rate*." N.Y. Lab. Law § 195(1)(a) (emphasis added).

Here, on page 13 of its memorandum of law for summary judgment, Defendant admits that it did not provide Plaintiff with the requisite written notice under New York Labor Law stating "[i]t is undisputed that Defendant claimed a tip credit when calculating Plaintiff's hourly wage, but it did not provide Plaintiff with the requisite written notice under New York's Labor Laws" Therefore, Plaintiffs should be granted summary judgment.

## IV. DEFENDANTS DID NOT PROVIDE PLAINTIFF WITH COMPLIANT WAGE STATEMENTS

NYLL 195.3 requires, *inter alia*, that employers provide wage statements that list "allowances, if any, claimed as part of the minimum wage". N.Y. Lab. Law § 195(3).

Here, Defendant's document production does not include a single compliant wage statement for Plaintiff which lists an allowance taken against the minimum wage. Moreover, Plaintiff's paystubs are incorrect because it did not show a payment for required spread of hours pay. Thus, Defendants failed to comply with the requirements set forth by NYLL 195.3. Therefore, Plaintiff should be granted summary judgment.

## V. PLAINTIFF IS ENTITLED TO SPREAD OF HOURS PAY.

> "The spread of hours is the length of the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty….
> **(a)** On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

(12 NYCRR 146-1.6 (Lexis Advance through May 7, 2021))

Here, on December 2, 2017, Plaintiff clocked in at 7:46pm and clocked out at 5:52am. (Naydenskiy Decl. Ex. B). Thus, the time interval between the clock in and clock out is 10.1 hours. Thereby, triggering Defendant's obligation to pay Plaintiff spread of hours pay at a rate of one hour at the basic minimum wage. It is undisputed that Defendant did not pay Plaintiff spread of hours pay. (Plaintiff's Rule 56.1 counter-statement) Therefore, Plaintiff should be granted summary judgment.

## VI. DEFENDANTS WILL NOT BE ABLE TO SHOW GOOD FAITH

Under the FLSA, once liability is established the employee is entitled to recover all unpaid minimum and overtime wages, as well as "an additional equal amount as liquidated damages." 29

U.S.C. § 216(b). "Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, *12, 2012 WL 1358739 (S.D.N.Y. April 19, 2012) (quoting *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). The employer may escape liability for liquidated damages, however, if it can demonstrate that "it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield v. New York City Health and Hospitals Corp.,* 537 F.3d 132, 150 (2d Cir. 2008). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *McLean*, 2012 U.S. Dist. LEXIS 55425, *13 (quoting *Herman*, 172 F.3d at 142). "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Id.* (quoting *Barfield*, 537 F.3d at 150. Defendants have not offered evidence to meet this good faith requirement, and are therefore liable to pay liquidated damages under the FLSA.

Under New York law, as under the FLSA, an employee is now entitled to recover liquidated damages under the NYLL unless the employer can establish a good faith basis for having failed to pay the required wages. N.Y. Lab. Law § 198(1-a). Given the uncontroverted evidence of Defendants' lack of good faith, Plaintiffs are, by statute, entitled to liquidated damages under New York Labor Law. NYLL § 663(1).

Here, Defendant maintains that because Defendant falsely relied on its own employee, the human resources manager, shows good faith. However, relying on its own unilateral opinion of the law and its requirements, does not overcome Defendants' burden to show good faith.

9

Therefore, for the reasons stated herein and above, Plaintiffs should be granted Summary Judgment.

Moreover, Defendant's exhibits undeniably show that at a minimum Defendant was well aware of the New York Labor Law initial hiring notice requirement for years prior to its employment of Plaintiff (Rosenbluth Aff. Ex. 7). Moreover, Defendant fails to show any evidence of its active steps to ascertain the dictates of the FLSA and then act to comply with them. In fact, Defendant's evidence readily admits that managers stopped including the required hiring notice in the hiring packet. (Rosenbluth Aff *Gen.*). Thus, Defendant was certainly aware of its obligations under FLSA and NYLL and chose to actively ignore them.

Therefore, for the reasons stated herein and above, Plaintiff should be granted Summary Judgment.

## I. DEFENDANT WAIVED ARBITRATION

A party waives its right to arbitration when it engages in protracted litigation. *See Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997)]; *Cotton v. Slone,* 4 F.3d 176, 179 (2d Cir. 1993); *Kramer v. Hammond,* 943 F.2d 176, 179 (2d Cir. 1991). Here, within this 2018 case, discovery is now closed, Defendants have not, until its motion for summary judgment, sought to enforce the arbitration agreement, and each party has filed a motion for summary judgment. Therefore, Defendants have most certainly engaged in protracted litigation and have waived arbitration.

## CONCLUSION

For the before mentioned reasons, Defendants motion for Summary Judgement should be denied except for the causes of actions seeking reimbursement for equipment costs and

misappropriated tips and Plaintiffs cross motion for partial Summary Judgment should be granted as to her claims for minimum wage, overtime pay at a rate of 1.5 times the applicable minimum wage, spread of hours pay, liquidated damages, NYLL 195.1 notice violations, and NYLL 195.3 wage statement violations.

May 14, 2021

> MICHAEL FAILLACE & ASSOCIATES, P.C.
> By: /s/ Gennadiy Naydenskiy
> Gennadiy Naydenskiy, Esq.
> 60 East 42nd Street, Suite 4510
> New York, New York 10165
> Tel: (212) 317-1200
> Fax: (212) 317-1620
> *Attorneys for Plaintiffs*