**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x

LUISA SATOS DE OLIVEIRA, *individually and on behalf of others similarly situated*,

                     Plaintiff,

-against-

SCORES HOLDING COMPANY INC.;
CLUB AZURE LLC; ROBERT GANS;
MARK S. YACKOW; HOWARD
ROSENBLUTH,

                     Defendants.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

18 Civ. 06769 (GBD)

GEORGE B. DANIELS, District Judge:

On July 27, 2018, Plaintiff Luisa Satos De Oliveira ("Luisa" or "Plaintiff") brought this action against Defendant Club Azure, LLC (the "Club" or "Defendant")[1] for violations under the Fair Labors Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and New York Labor Laws ("NYLLs").[2] Plaintiff brings nine claims alleging that the Defendant failed to pay her statutory minimum wages, overtimes wages, and spread of hours wages; did not provide her accurate wage statements or the requisite notices for taking tip credits; did not reimburse her for equipment costs; and misappropriated tips. (Compl., ECF No. 1, at ¶¶ 89-127.) At the end of discovery, the parties

---

[1] The Club did business as Scores NY.

[2] Plaintiff originally brought this as a class action suit and brought claims against four additional Defendants (Scores Holding Company Inc., Robert Gans, Mark S. Yackow, and Howard Rosenbluth). (*See* Compl.) Plaintiff has not moved for class certification, and so she has abandoned her class action claims. Plaintiff voluntary dismissed Scores Holding Company Inc., Robert Gans, Mark S. Yackow, and Howard Rosenbluth on March 25, 2021. (Stipulation of Voluntary Dismissal, ECF No. 60.)

cross-moved for summary judgment.³ (Def.'s Mot. for Summ. J., ECF No. 64; Pl.'s Opp. and Cross Mot. for Summ. J., ECF No. 69.)

Defendant's motion is granted to the extent that it is held to be not liable to Plaintiff for a failure to provide a written wage statement at the time of hiring (count 6) or adequate wage statements (count 7) in violation of the WTPA, under NYLL § 195(1)(a) and 195(3). Plaintiff's motion is granted to the extent that Defendant is liable for a failure to comply with NYLL's separate wage notification requirement, failure to pay overtime and spread of hours wages, and liquidated damages (counts 2, 3, 4, and 5).⁴

## I. FACTUAL BACKGROUND

The following facts are undisputed except as noted.⁵ The Club operates an adult entertainment establishment. (Def.'s Rule 56.1 Statement, ECF No. 67-4, at ¶ 1.) Luisa worked at the Club as a cocktail waitress from October 20, 2017 to March 19, 2018. (*Id.* at ¶ 3; Def.'s Mem. of Law in Supp. of Mot. for Summ. J., ECF No. 68, at 1.) Since Luisa was a food service worker, the Club paid her a cash wage lower than the statutory minimum wage and satisfied the difference through a tip credit.⁶ (ECF No. 68 at 4.) In 2017, the Club paid Plaintiff $7.50 per

---

³ Plaintiff's cross motion does not comply with Local Civil Rules 7.1 (1) or 11.1.

⁴ Since it is clear that Defendant failed to meet the notice requirement under NYLL, any dispute as to the FLSA claim (count 1) is moot. *See Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 500 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018) ("Although these two burden-shifting schemes impose similar requirements, an employee may not receive a double recovery of back wages under both the FLSA and [the] NYLL.") (quotations omitted).

⁵ Consistent with our local rules, the facts in the moving party's Rule 56.1 statements are admitted unless explicitly controverted. *See* Local Rule 56.1(c) ("Each numbered paragraph in the [moving party's] statement of material facts…will be deemed to be admitted for the purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the [opposing party's] statement.").

⁶ For example, pursuant to FLSA, tipped employees can be paid $2.13/ hour in cash wage and then employer can take a $5.12 tip credit to meet the $7.25 federal minimum wage. See *Minimum Wages for Tipped Employees*, U.S. DEPT. OF LABOR (JAN. 1, 2022), HTTPS://WWW.DOL.GOV/AGENCIES/WHD/STATE/MINIMUM-WAGE/TIPPED#FOOT1.

hour and the Club took a $3.50 tip credit ($11.00/hr total). (*See* Exhibit Pay Checks, ECF No. 65-2, at 1-10.) In 2018, the Club paid Plaintiff $8.65 per hour and the Club took a $4.35 credit ($13.00/hr total). (*See* Exhibit Pay Checks at 11-21.)

However, after tips, Luisa actually "earned approximately $57.82 per hour in 2017 and approximately $60.59 per hour in 2018." (ECF No. 67-4 at ¶ 10.) The Club never withheld tips from Luisa. (ECF No. 67-4 at ¶ 8.) Luisa generally worked 14 to 24 hours a week. (*Id.* at ¶ 11.) Throughout her employment, she worked over 10 hours (10.1 hours) in one shift on December 2, 2017. (Timecard Report, ECF No. 65-5, at 9.) The Club did not pay Luisa extra for working over ten hours. (*See* Pl.'s Counter-Statement of Facts, ECF No. 71, ¶ 36.) She also logged overtime only once, totaling 41.5 hours, during the last week of her employment. (ECF No. 67-4 at ¶ 12.) The Club did pay her an extra $15.15 per hour for overtime pay. (*See* ECF No. 71 at ¶ 12.)

When the Club hired Luisa, they did not provide her a written notice regarding her rate of pay and the amount of tips the Club planned to credit against her wages. (ECF No. 68 at 7.) However, the Club posted "New York State and Federal Labor Law posters…prominently…inside the Club."[7] (ECF No. 67-4 at ¶ 28.) The Posters provided basic background information to the Club's employees regarding wage requirements for tipped workers, including overtime fees. (Labor Posters, ECF No. 66-2.) The Posters did not explain how much the Club intended to pay Luisa or other employees in cash wages nor how much tip credit the Club would claim. The parties dispute whether the Club ever verbally told Luisa about its intentions on how it planned to pay her. (*See* ECF No. 71 at ¶¶ 27 and 29.) However, the Club did provide Luisa a wage statement with each payment of wages that stated the rate and basis of her pay. (*See* ECF No. 65-2.) The Club

---

[7] Plaintiff does not actually dispute whether there were posters in the Club. (*See* Local Rule 56.1(c)). Plaintiff merely stated that she "does not remember whether there was [a] poster or not." (ECF No. 71 ¶ 28.)

also maintained a spreadsheet detailing the amount of tips to be paid to Luisa, but Luisa contests whether she was ever provided this information. (*See* ECF No. 71 at ¶ 9.)

On July 27, 2018, Luisa filed a nine-count complaint against the Club contending that the Club did not comply with the requirements of the FLSA and NYLLs. Specifically, she alleged that the Club: (1) failed to pay her the applicable minimum hourly rate pursuant to the FLSA and NYLL (counts 1 and 3); (2) failed to pay her overtime wages in violation of the FLSA and NYLL regulations (counts 2 and 4); (3) did not pay her spread of hours wages for time worked on December 2, 2017 pursuant to NYLL (count 5); failed to provide written notice as required by the Wage Theft Prevention Act ("WTPA") (count 6); failed to provide accurate wage statements as required by the WTPA (count 7); did not reimburse her for employment equipment costs as required by the FLSA and NYLL (count 8); and misappropriated tips in violation of NYLL. (Compl. at ¶¶ 89-127.) Luisa also seeks liquidated damages for Defendant's alleged violations. (*See* Compl. at 20-21.) On April 28, 2021, the Club moved for summary judgment on all of Plaintiff's claims, including any claim for liquidated damages. (ECF No. 64.) Plaintiff opposed the motion except as to counts eight and nine, and simultaneously cross-moved for summary judgment on all other claims. (ECF No. 69.)

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, a court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation and internal quotation marks omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

## III. DEFENDANT FAILED TO PROVIDE ADEQUATE NOTICE AND PAY OVERTIME AND SPREAD OF HOURS WAGES.

There is no dispute that the Club was able to pay Luisa as a tipped worker under both the FLSA and NYLLs.[8] "[T]he FLSA and the NYLL permit an employer to pay a tipped worker a cash wage that is lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage." *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 500 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018). The federal minimum wage was $7.25/hour during the relevant time period, and the New York state minimum wage was $11.00 in 2017 and $13.00 in 2018. *See* 29 U.S.C. § 206 (a)(1)(C); N.Y.L.L. § 652(1-a). Plaintiff does not dispute that she was actually paid at least equivalent to the minimum wage, nor could she given the fact that after tips she made roughly $57.82/hour in 2017 and $60.59/hour in 2018. (*See* ECF No. 67-4 at ¶ 10; ECF No. 69 at 3-7.)

Instead, the parties contest whether the Club met the notice requirements under the FLSA and NYLLs, and if not, whether there are any exceptions the Club can avail itself of. (*See* ECF No. 69 at 3-7.) The parties also seek summary judgment as to whether the Club provided adequate overtime pay, failed to pay spread of hours wages, did not furnish accurate wage statements, and whether liquidated damages are available.[9]

---

[8] Plaintiff does not object to the fact that Plaintiff was considered a "food service worker" pursuant to 12 NYCRR § 146-3.4, and thus, Defendant was permitted to treat her as a tipped employee. (*See generally*, ECF No. 69.)

[9] The Defendant seeks summary judgment on grounds that the Plaintiff signed an Arbitration and Waiver of Class/Collective Action Agreement. A party waives its right to arbitration when it engages in protracted litigation. *See Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997). Defendant argues that because there was a lack of discovery, there has been no protracted litigation nor prejudice to the Plaintiff. However, we are at the summary judgment stage where there are fully submitted briefings. Defendant could have filed a motion to dismiss on these grounds, but did not. Instead, it attempted to engage in discovery and participated in conferences before the Magistrate Judge. Therefore, the Club has waived its right to arbitration.

### A. There was a Failure to Provide Adequate Notice Under NYLL

To claim a tip credit, both the FLSA and NYLLs require that employers provide employees notice that it intends to claim a tip credit against the employee's cash wages.[10] 29 U.S.C. § 203 (m)(2)(A) (the employee must be "informed by the employer of the [FLSA's tip credit] provisions"); *See Gamero*, 272 F. Supp. 3d at 501 ("The NYLL allows an employer to take a tip credit for tipped employees, subject to certain conditions similar to those under the FLSA.") (quotations omitted). The notice requirement "is strictly construed and normally require[s] that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit." *Inclan v. New York Hospitality Grp., Inc.*, 95 F. Supp. 3d 490, 497 (S.D.N.Y. 2015). There must be, "[a]t the very least[,] notice to employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations." *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011). While the notice requirement under the FLSA and NYLL are similar, there is one important distinction: "[T]he FLSA's notice provision does not require that the notice be given in writing." *Gamero*, 272 F. Supp. 3d at 501 (quotations omitted). In contrast, "[n]otice of the tip credit under the NYLL…must be written." *Id.*

Plaintiff alleges that the Club failed to provide adequate notice under both the FLSA and NYLL. It is incontrovertible that the Club did not provide written notices as required by NYLLs. (ECF No. 68 at 7.) This is sufficient to establish the Club's liability as to whether it was legally able to pay Plaintiff by claiming a tip credit. There is a dispute as to whether there was adequate

---

[10] An employer must also ensure that "all tips received by such employee have been retained by the employee." 29 U.S.C. § 203 (m)(2)(A). Plaintiff concedes that the Club did not misappropriate her tips. (ECF No. 69 at 10-11.)

notice under FLSA—the parties are in contention over whether Defendant verbally related its intention to pay Plaintiff through a cash wage and supplemental tip credit. (ECF No. 68 at 6.) However, "an employee may not receive a double recovery of back wages under both the FLSA and [the] NYLL." *Gamero*, 272 F. Supp. 3d at 500. Thus, the failure to provide notice under NYLL is sufficient to establish liability here.[11]

### B. There is a Valid Exception for Defendant's WTPA Violation.

The WTPA, an amendment to the NYLL, also requires that an employer provide an employee written notice at the time of hire, which includes information regarding the rate of pay and any tip credits claimed. *See* NYLL § 195(1)(a). Liability under the WTPA can be avoided, however, if a Defendant "made complete and timely payment of all wages…or "reasonably believed in good faith that it was not required to provide the employee with notice." N.Y.L.L. § 195(1-b). The record clearly demonstrates, including through pay stubs, that Plaintiff was timely paid well above the statutory minimum wage throughout her employment. Therefore, the Club is not liable for a failure to provide an initial hiring notice pursuant to NYLL § 195(1)(a).[12]

### C. Defendant failed to pay Adequate Overtime Wages and Spread of Hours Wages

Under both federal and New York law, an employer must pay overtime pay at the rate of at least one and a half "the regular rate at which he is employed" for any hours worked in excess of forty hours. 29 U.S.C. § 207; 12 N.Y.R.R. § 137–1.3. Both laws calculate an employee's "regular rate of pay" the same. *See Copantitla*, 788 F. Supp. 2d at 292. "[A] tipped employee's

---

[11] Liability does not establish the amount of damages. It is clear that the Club in fact paid Plaintiff more than adequately under New York law.

[12] Defendant also seeks summary judgment as to Plaintiff's claim that the Club did not furnish an accurate wage statement. New York requires, inter alia, that employers provide wage statements that list "allowances, if any, claimed as part of the minimum wage". N.Y.L.L § 195(3). The pay stubs on the record demonstrate that the Club met its burden. Thus, count seven of Plaintiff's complaint is dismissed.

regular rate of pay includes the amount of tip credit taken by the employer." 29 C.F.R. § 531.60. Plaintiff worked a total of 41.5 hours for the work week of March 13, 2018 to March 19, 2018. (*See* Exhibit Pay Checks at 21.) The Club paid her $15.15 for the extra 1.5 hours. (*See Id.* at 21.) The regular rate of pay in 2018 was $13.00/hr. (*See Id.* at 11-21.) Thus, the correct amount should have been $19.50/hour. Plaintiff's summary judgment motion as to overtime pay is granted and the club must pay the unpaid difference between $15.15/hour and $19.50/hour for a total of 1.5 hours.

New York also provides that an employee is entitled to an additional hour's pay "'at the basic minimum hourly wage rate before allowances, in addition to the minimum wages otherwise required' for each day in which the spread of hours exceeds ten hours." *See Copantitla*, 788 F. Supp. 2d at 292 (citing 12 N.Y.R.R. § 137–1.7.) The Defendant's own submissions show that, albeit only slightly, Plaintiff did work for approximately 10.1 hours on December 2, 2017. (ECF No. 65-5 at 9.) Defendant did not pay extra for this extra .1 hour. Therefore, Plaintiff's motion for summary judgment is granted as to her spread of hours claim for the missing .1 wages.

### D. There should be an award of liquated damages

Since Defendants are liable for unpaid overtime wages, spread of hours wages, and a failure to comply with the NYLL notice requirement, the Club may be subject to liquidated damages. An employer who violates the minimum wage mandates of NYLLs are liable for "unpaid minimum wages, or their unpaid overtime compensation… and in an additional equal amount as liquidated damages." N.Y.L.L. § 198(1-a). An employer can avoid liquidated damages if it "proves a good faith basis for believing that its underpayment of wages was in compliance with the law." *Id.*

9

In applying this standard, courts can rely on the similar provision under the FLSA. *Garcia v. JonJon Deli Grocery Corp.*, No. 13 Civ. 8835 9AT), 2015 WL 4940107, at *5 (S.D.N.Y. Aug. 11, 2015) (despite textual differences between the FLSA and NYLL, "courts have not substantively distinguished the federal standard from the current state standard of good faith.") (citing *Inclan*, 95 F. Supp. 3d at 505). A demonstration of "good faith" requires that the employer show "that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (quotations omitted). "The employer's burden [i]s 'a difficult one,'…'double damages [are] the norm and single damages are the exception.'" *Id.* at 150 (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir.1999)).

Defendant's position is that it can satisfy the difficult burden because of its reliance on a Human Resource Manager's erroneous advice about the Club's legal requirements. (ECF No. 68 at 8-9.) The HR manager told the supervisor onboarding Plaintiff that the Club no longer needed a written notice. (*See* Aff. Of Tara Barnett, ECF No. 66, at 15.) Notwithstanding the Club's historical practice of providing written notices, labor posters, and alleged verbal communications about its wage payment intentions, the supervisor thought that there was no reason to disbelieve the HR manager. (*Id.*; *See* Pay Notices, ECF No. 65-8.) Defendant again relies on dicta in *Inclan* and *Garcia*, which suggest an inference that reliance on others advice may be adequate to show good faith "that it took active steps to ascertain the dictates of the FLSA." *See Garcia*, 2015 WL 4940107 at *6 ("Defendants provide no evidence that Baez relied on the advice of others or that he took other actions to ascertain the requirements of the FLSA and the NYLL."). Plaintiff seeks summary judgment on the argument that Defendant's actions are simply not enough. (ECF No. 69 at 9-10.)

10

Plaintiff is correct that Defendant's actions do not satisfy its high burden of overcoming the norm of double damages. "A defense under 29 U.S.C. § 260 . . . is not available when the violation is the result of a mistake by an employee of [the] defendant, as appears to be the case here." *Lavin-McEleney v. Marist Coll.*, No. 96CV4081, 1999 WL 33500070, at *2 (S.D.N.Y. Sept. 28, 1999), aff'd, 239 F.3d 476 (2d Cir. 2001). The Club ostensibly knew it needed to inform Plaintiff abouts its intentions on how it planned to pay her based on its own historical practices, posters, and alleged conversations with Plaintiff. Instead of taking actions to confirm any new practices, the onboarding supervisor blindly relied upon the HR's new advice. The Club provides no evidence that it took steps to ensure its new practices comply with the law by at least seeking advice from external professionals. This is not a showing of "good faith," and is at least a significant failure to "establish objectively reasonable grounds for thinking that their practices comported with [the law]." *Inclan*, 95 F. Supp. 3d at 504. Therefore, the Defendant is liable for liquidated damages at least for unpaid overtime wages and failure to comply with the NYLL notice requirement.[13]

---

[13] Damages that amount to a nominal amount.

## IV. CONCLUSION

Plaintiff's motion, (ECF No. 69), is granted to the extent that Defendant is liable for a failure to provide adequate wage notification (count 3), pay overtime wages (counts 2 and 4), and pay spread of hours wages (count 5). Defendant's motion, (ECF No. 64), is granted to the extent that Plaintiff's claims that Defendant failed to provide a written wage statement at the time of hiring (count 6) and accurate wage statements (count 7) as required by the WTPA are dismissed. There are no remaining triable claims. The Clerk of Court is directed to close the motion, (ECF No. 69), accordingly.

Dated: March __, 2022
       New York, New York

       MAR 24 2022

SO ORDERED.

*George B Daniels*

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE