UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUISA SANTOS DE OLIVEIRA, *individually and*
*on behalf of others similarly situated,*

                                               Plaintiffs,           Case No: 1:18-cv-06769-GBD

       -against-

                                                     ECF Case

SCORES HOLDING COMPANY, INC.
(D/B/A SCORES), CLUB AZURE LLC
(D/B/A SCORES), ROBERT GANS,
MARK S. YACKOW, and HOWARD
ROSENBLUTH,

                                  Defendants,
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CLUB AZURE'S MOTION FOR RE-ARGUMENT AND RECONSIDERATION

Alison I. Blaine
617 11th Avenue
New York, New York  10036
(201) 681-6733
E-mail:  ablaine@metlumber.com

*Attorney for Defendant Club Azure, LLC*

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES. ………………………………………………...........................ii-iii

PRELIMINARY STATEMENT. ……………………………………………….…..……1

PROCEDURAL HISTORY. …………………………………….....................................1-3

ARGUMENT. ………………………………………………………………………3-11

STANDARD FOR MOTION FOR RECONSIDERATION ………………………………3

POINT I. THE DECISION AND ORDER MISAPPREHENDS KEY FACTS THAT BEAR
DIRECTLY ON WHETHER OR NOT DEFENDANT FAILED TO PAY THE STATUTORY
MINIMUM WAGE UNDER THE FLSA AND NYLL'S …………………………….............4

POINT II. THE DECISION AND ORDER IGNORES KEY FACTS AND CASE LAW
THAT BEAR DIRECTLY ON WHETHER OR NOT DEFENDANT FAILED TO
PROVIDE ADEQUATE NOTICE UNDER NYLLs. ,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,5-8

POINT III THE DECISION AND ORDER MISAPPREHENDS KEY FACTS THAT
BEAR DIRECTLY ON WHETHER OR NOT DEFENDANT FAILED TO PAY
ADEQUATE OVERTIME WAGES AND SPREAD-OF HOURS WAGES. ……………….9

POINT IV THE DECISION AND ORDER MISAPPEHENDS CASE LAW
THAT BEAR DIRECTLY ON WHETHER OR NOT THERE SHOULD HAV
BEEN AN AWARD FOR LIQDATED DAMAGES …………………………………..9-11

CONCLUSION. …………………………………………………….............................11

CERTIFICATION OF SERVICE ……………………………………………………12

i

TABLE OF AUTHORITIES

CASES                                                                              PAGE(s)

*Bonham v. Copper Cellar Corp.*, 476 F.Supp. 98, 101 n. 8 (E.D. Tenn 1979).......................7

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F.Supp.2d 696,
701 (S.D.N.Y. 201)(quoting *702 Doe v. NYC Dep't of Soc Servs.*,
709 F.2d 782, 789 (2d Cir. 1983) ..................................................................3

*Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F, Supp. 2d 253, 287, 298-290 (S.D.N.Y. 2011). .....…….5,6

*Davis v. B & S, Inc.*, 38 F.Supp 2d 707, 719 (N.D. Ind. 1998*)*....................................................6

*English v. Pabst Brewing Co.*, 1047, 1049-50 (4th Cir. 1987). ......................................8

*Garcia v. Saigon Mkt. LLC*, 2019 US Dist LEXIS 163259 at 6(S.D.N.Y., Sept 24, 2019), No.
15-V-9433-VSB. .................................................................................11

*In re Beacon Assoca Litig.*, 818 F.Supp.2d 697, 701-02 (S.D.N.Y. 2011) ...........................3

*Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. 1998). ..............6,7

*Lavin-McEleney v. Marist Coll.*, No. 96CV4081, 1999 WL 33500070 at
 2 (S.D.N.Y. Sept. 28, 1999) aff'd 239 F.3d 476 (2d Cir. 2001). ....................................9,10

*Martin v. Tango's Rest., Inc.*, 969 F2d 1319, 1322-23 (1st Cir. 1992). ...........................6,7

*Marshall v. Gerwill, Inc.*, 495 F.Supp. 744, 753 (D.Md 1980). ......................................7

*Pellon v. Business Representation International*, 528 F. Supp. 2d 1306, 1311, (citing to
*Posey v. Skyline Corp.*, 702 F.2d 102, 105-06 (7th Cir. 1983). ......................................5,6,8

*Reich v. Chez Robert, Inc.*, 28 F.3d 401, 404 (3d Cir. 1994). ......................................6

*Shrader v. CSX Tranp., Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995). ..................................3

STATUTES AND RULES

29 U.S.C. §203(m)(2)(A). ……………………………………………………..…5,7

29 U.S.C. § 260 ……………………………………………………………………9

29 C.F.R. §516.4. ………………………………………………………………5

FSLA ……………………………………………………………………………1

FED. R. CIV. P. 59(e)……………………………………………

LOCAL CIVIL RULES 6.3. …………………………………………………...3

LOCAL CIVIL RULES 7.1(1)……………………………………………………2

NYLL § 195(1)……………………………………………………………1,3

NYLL § 195(1)(a). ………………………………………………………………4

NYLL § 195 (1-b). ……………………………………………………………4

NYLL § 195( 2)…………………………………………………...……………1

NYLL § 195(3). ……………………………………………………...……1,2,3

NYLL § 195(4)……………………………………………………………2

NYLL § 651(1). ………………………………………………………………4

Defendant Club Azure, LLC (the "Club" or "Defendant"), by and through its undersigned attorney, respectfully submit this Memorandum of Law in support of its motion to reargue and reconsider this Court's Decision and Order, dated March 24, 2022 ("Decision and Order"), granting Plaintiff Luisa Santos de Oliveira's ("Plaintiff") cross-motion for partial summary judgment. (ECF No. 81). [1]

## PRELIMINARY STATEMENT

It is respectfully submitted that this Court erred in granting Plaintiff's cross-motion for partial summary judgment to the extent that Defendant is liable for a failure to provide adequate wage notification (Count 3); is liable for its failure to pay spread-of-hours wages (Count 5); and is liable for overtime wages (Counts 2 and 4). (ECF No. 81).

The Decision and Order is premised on a number of facts that weighed heavily in the Court's analysis and conclusion. Defendant respectfully submits that reconsideration of the record is warranted because the Court appears to have overlooked material facts or made inferences not justified by the record and which were central to the outcome herein.

## PROCEDURAL HISTORY

On July 27, 2018, Plaintiff, a cocktail waitress, brought this action against Defendant claiming that the Club failed to pay her the applicable minimum hourly rate pursuant to the Fair Labor Standards Act ("FSLA") and NYLLs (**Counts 1 and 3**): (2) failed to pay her overtime wages in violation of the FLSA and NYLLs (**Counts 2 and 4**); (3) did not pay her spread-of-hours wages for time worked on December 2, 2017, pursuant to NYLLs (**Count 5**); (4) failed to provide written notice upon her hiring as required by New York's WTPA and NYLL §195(1) (**Count 6**); (5) failed

---

[1] Defendant does not move to reconsider that part of the Court's March 24, 2022 Order that grants Defendant's motion for summary judgment on Counts 6 (claiming that Defendant failed to provide a written wage statement at the time of hiring) and 7 (claiming that Defendant failed to provide accurate wage statements with each pay check).

to provide accurate wage statements as required by the WTPA and NYLL §195(3)(**Count 7**); (6) did not reimburse her for employment equipment costs as required by the FLSA and NYLLs (**Count 8**); and (7) misappropriated tips in violation of NYLLs (**Count 9**). Plaintiff also seeks liquidated damages for the Club's alleged violations. (ECF No. 1).

At the end of discovery, Defendant moved for summary judgment on all of Plaintiff's claims, including claims for liquidated damages. (ECF No. 64). Plaintiff opposed the motion except as to Counts 8 (claiming that she was entitled to equipment costs) and 9 (claiming that Defendant misappropriated tips) and simultaneously cross-moved for summary judgment on all other claims. (ECF No. 69). Although Plaintiff did not file a cross-motion. She simply filed an opposition to Defendant's motion, which this Court acknowledged did not comply with Local Civil Rules 7.1 (1) or 11.1.[2]

Plaintiff did not dispute that she was actually paid at least equivalent to the minimum wage, nor could she given the fact that after tips she made roughly $57.82 per hour in 2017 and $60.59 per hour in 2018. (ECF No. 81). Instead, the parties contested whether Defendant met its notice requirements under NYLLs, and if not, whether there were any exceptions Defendant could avail itself of. (ECF No. 81).[3] The parties also sought summary judgment as to whether Defendant provided adequate overtime pay; failed to pay spread-of-hours wages; furnished accurate wage statements; and whether liquidated damages were available. (ECF No. 81).

On March 24, 2022, this Court properly granted Defendant's motion for summary judgment and dismissed Plaintiff's 6th Count claiming that Defendant failed to provide her with a

---

[2]  See footnote # 3 of this Court's March 24, 2022 Decision. (ECF No. 81). Notwithstanding, this Court granted Plaintiff's motion for summary judgment.

[3]  Although the Court refers to the FLSA in its' Decision and Order, the parties contest whether Defendant met its notice requirements under NYLLs, not the FLSA. Counts 6 (written notice upon hiring) and 7 (wage statements) of Plaintiff's Complaint allege that Defendant violated NYLLs, not the FLSA.

2

written wage notice upon her hiring in violation of the WTPA, under NYLL §195(1), and properly dismissed Plaintiff's 7th Count alleging that the Club did not provide her with accurate wage statements in violation of the WTPA, under NYLL § 195(3). (ECF Doc. No 81).

This Court, however, improperly granted Plaintiff's cross-motion for partial summary judgment on its wage notification claim (Count 3); spread-of-hours claim (Count 5); and overtime wage claim (Counts 2 and 4).

## ARGUMENT

## STANDARD FOR MOTION FOR RECONSIDERATION

Under Fed. R. Civ. P. 59(e) and Local Rule 6.3, a motion for reconsideration may be granted where (1) the moving party can show an intervening change in the controlling law; (2) upon discovery of new evidence not previously available; or (3) on a showing of the need to correct a clear error of law or prevent manifest injustice. *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701–02 (S.D.N.Y. 2011); *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F.Supp.2d 696, 701 (S.D.N.Y.2001)(quoting *702 *Doe v. NYC Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.1983).

Defendant seek reconsideration under the third category. In particular, a motion for reconsideration shall be granted where "the moving party can point to controlling decisions or data that the court overlooked---matters, in other words that might reasonably be expected to alter the conclusion reached by the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir.1995).

For the reasons set forth below, Defendant meets the high standard for reconsideration. Both a shift in the legal standard on which the Decision and Order hinges and a full appreciation of the facts in the Record that this Court overlooked, could reasonably be expected to alter the

conclusion reached by this Court.

**THE DECISION AND ORDER MISAPPREHENDS KEY FACTS
THAT BEAR DIRECTLY ON WHETHER OR
NOT DEFENDANT FAILED TO PAY THE STATUTORY
MINIMUM WAGE UNDER THE FLSA AND NYLLs**

It is respectfully submitted that this Court incorrectly granted Plaintiff summary judgment to Plaintiff and found Defendant liable for a failure to provide an adequate wage notification (Count 3). Count 3, however, is a claim for minimum wages, pursuant to NYLL §652 (1), not a claim for failure to provide an adequate wage notification. [4] Count 6 claimed that Defendant failed to provide a written wage statement at the time of hiring, which this Court properly dismissed because the record showed that Defendant timely paid Plaintiff throughout her employment approximately $57.82 per hour in 2017 and approximately $60.59 per hour in 2018, which was well above the statutory minimum wage, and finding Defendant **not** liable for failing to provide an initial hiring notice, pursuant to NYLL §195(1)(a). [5] (ECF Doc. No 81).

Given that Defendant was found **not** to be liable for failing to provide an initial hiring notice and was paid way more than the statutory minimum wage throughout her entire employment, it is respectfully submitted that Defendant should have been granted summary judgment in its favor on Plaintiffs' 1st and 3rd Counts, which both sought damages for Defendant's alleged failure to pay Plaintiff the appliable minimum hourly rate, pursuant to the FLSA and NYLLs.

---

[4]   This Court did not rule on Count 1 of Plaintiff's Complaint alleging that Defendant failed to pay Plaintiff the applicable minimum hourly rate, pursuant to the FLSA.

[5]   Liability was avoided because Defendant made complete and timely payment of all wages. NYLL §195(1-b).

4

**THE DECISION AND ORDER IGNORES KEY FACTS
AND CASE LAW THAT BEAR DIRECTLY ON WHETHER OR
NOT DEFENDANT FAILED TO PROVIDE ADEQUATE NOTICE UNDER NYLLs**

This Court found that it is incontrovertible that Defendant did not provide written notices as required by NYLLs, and that this is sufficient to establish Defendant's liability as to whether it was legally able to pay Plaintiff by claiming a tip credit.[6] (ECF Doc. No 81). This Court, however, did not consider the huge New York and Federal Labor Law Posters, which were approved by the Department of Labor and were prominently displayed on a wall inside the Club where Plaintiff clocked in-and-out with a timecard, which constitutes notice. This Court mentioned the posters in its Decision and Order, but only as part of its Factual Background, not in its analysis.

This Court also did not consider numerous other cases where it has been found that prominently displayed posters constitute notice. It is respectfully submitted that this Court did not consider *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011), wherein the Southern District Court of New York found that, although the defendant fell short of the standard for the notice obligation articulated by the Courts of Appeals (defendant's generic poster informing employees of minimum wage obligations, with no mention of a tip credit, and without testimony as to the poster's content and source, did not satisfy the notice requirement articulated by the Courts of Appeals), **it specifically acknowledged that a poster explaining the tip credit constitutes sufficient notice.** In doing so, The Southern District cited to *Pellon v. Business Representation International*, wherein the court noted that Department of Labor regulations explicitly require employers to post a notice explaining the FLSA minimum wage provisions. 29 C.F.R. § 516.4. Consequently, it would defy logic to require the display of adequate

---

[6]   To claim a tip credit, both the FLSA and NYLLs require that employers provide employees notice that it intends to claim a tip credit against the employee's cash wages. 29 U.S.C. §203(m)(2)(A). The FLSA's notice provision does not require that the notice be given in writing. In contrast, notice of the tip credit under the NYLL must be written. *Gamero*, 272 F. Supp. 3d at 501 (quotations omitted). (ECF Doc. No 81).

information regarding the minimum wage and employer tip credit, a prominently displayed poster using language approved by the Department of Labor to explain the tip credit, but then determine that it is not sufficient notice. *Copantitla*, 788 F.Supp.2d at 289-290 (quoting *Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1322–23 (1st Cir.1992); *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir.1998) and *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 404 (3d Cir.1994)). [7]

Likewise, it would defy logic in this case to require that employers hang huge Labor Law Posters containing language approved by the Department of Labor and that explains the tip credit and then turn around and say that the posters are not sufficient notice.

The *Copantitla* Court also cites to *Davis v. B & S, Inc.*, 38 F.Supp.2d 707, 719 (N.D.Ind. 1998), wherein it was noted that the Court of Appeals "*Kilgore* decision demonstrates that an employer may meet the notice requirement simply by providing conforming written materials to its employees. This holding is supported by *dicta* from other decisions indicating that an employer can satisfactorily convey notice of the tip credit by way of a poster, if the content of the poster is otherwise sufficient and it is prominently displayed." *Copantitla*, 788 F.Supp.2d at 290.

In *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir.1998), the Court of Appeals stated that an employer must provide notice to the employees, but need not necessarily "explain" the tip credit. The statute requires that the employee be "informed" of the tip credit. "Inform" requires less from an employer than the word "explain" would. *Kilgore*, 160 F.3d at 298. In *Kilgore*, the defendant employer had provided its employees with a "file folder" containing various written materials, including a statement describing the employer's tip policy. This written statement fully quoted § 203(m), and expressly informed the reader that "tips will be

---

[7]  *Pellon v. Business Representation International*, 528 F. Supp. 2d 1306, 1311 (S.D. Fla. 2007).

used as a credit against the minimum wage as permitted by federal and/or state law." *Id.* at 299. The Sixth Circuit held that the written materials provided by the defendant adequately informed the employees of the tip *719 credit, and therefore satisfied the employer's § 203(m) notice requirement as to those employees who actually received these materials. *Id.*

The *Kilgore* decision, therefore, demonstrates that an employer may meet the notice requirement simply by posting a poster. This holding is supported by *dicta* from other decisions indicating that an employer can satisfactorily convey notice of the tip credit by way of a poster if the content of the poster is otherwise sufficient and it is prominently displayed. *See Marshall v. Gerwill, Inc.,* 495 F.Supp. 744, 753 (D.Md.1980)("There was no credible evidence proved or proffered as to what exactly had been told to the drivers concerning the tip credit provisions *or even if any information was contained in any poster or bulletin provided to the drivers.*") (emphasis added); *Bonham v. Copper Cellar Corp.,* 476 F.Supp. 98, 101 n. 8 (E.D.Tenn.1979)(noting that a poster containing information relevant to the FLSA notice provision was displayed in the workplace, but holding that the poster did not satisfy the notice requirement because it was not prominently displayed, employees were not directed to it, and its contents were not introduced at trial); and *Cf. Tango's Restaurant,* 969 F.2d at 1322 (recognizing that notice of the tip credit should not be difficult for the employer to provide).

Herein, this Court correctly pointed out that the posters provided basic background information to the Club's employees regarding wage requirements for tipped workers, including overtime fees. This Court also pointed out that the Posters did not explain how much the Club intended to pay Plaintiff in cash wages, nor how much tip-credit the Club was taking, but this is inaccurate. (ECF Doc. No 81). In addition to stating the statutory minimum wage requirements, Defendant's manager, Tara Barnett, swore under oath that the Labor Law posters clearly explained

7

the tip credit.  Ms. Barnett explained that, in January of 2017, the Labor Law poster published a

$7.50 statutory cash wage for tipped employees and a $3.50 tip credit that the Club was entitled to

take, which totaled $11.00 per hour, the statutory minimum wage in 2017.  In January of 2018, the

Labor Law poster published a statutory $8.65 cash wage for tipped employees and a $4.35 tip

credit that the Club was entitled to take, which totaled $13.00 per hour, the statutory minimum

wage in 2018. [8]  (ECF Doc. No. 66).

     Other than not remembering whether or not there were posters by the time clock that she

walked by multiple times a day every day that she worked, Plaintiff did not provide any valid

evidence refuting Barnett's Affidavit or the evidence contained therein.  A witness' statement,

however, that she does not recall information contained in a poster is insufficient to refute record

evidence unequivocally establishing the matter. ¬See *Pellon  v.  Business  Representation

International*, 528 F. Supp. 2d 1306, 1311 (S.D. Fla. 2007)(citing to *Posey v. Skyline Corp.*, 702

F.2d 102, 105-06 (7th Cir. 1983) and *English v. Pabst Brewing Co.*, 1047, 1049-50 (4th Cir.

1987)).  Another words, such testimony is insufficient to avoid summary judgement

     Based on the facts and the case law that were previously submitted to this Court in both

Defendant's Memorandum of Law in support of its motion for summary judgment (ECF Doc. No.

68) and its Memorandum of Law in Opposition to Plaintiff's cross-motion for summary judgment

(ECF Doc. No. 72), it is respectfully requested that this Court reconsider the huge Labor Law

Posters that Defendant prominently displayed at the Club, along with the extensive case law that

support the finding that huge Labor Law Posters constitute notice under NYLLs.  In doing so, it

should be determined that Defendant did in fact provide adequate notice to Plaintiff.

---

[8]    Defendant's CFO, Howard Rosenbluth and Manager, Tara Barnett, both swore under oath that it
was Defendant's custom and practice to annually hang Labor Law posters that, among other things,
explained the tip credit. (ECF Doc. Nos. 65 and 66).

## THE DECISION AND ORDER MISAPPREHENDS KEY FACTS
## THAT BEAR DIRECTLY ON WHETHER OR NOT DEFENDANT FAILED
## TO PAY ADEQUATE OVERTIME WAGES AND SPREAD-OF-HOURS WAGES

It is evident from the Record that, like her Eighth Count (seeking equipment costs) and Ninth Count (alleging misappropriation of tips), Plaintiff abandoned her Second and Fourth Counts seeking overtime wages because she did not oppose Defendant's motion for summary judgment in this regard. Plaintiff did not mention her claim for overtime wages in her Memorandum of Law at all. (ECF Doc. No. 72, Defendant's Reply). Since there are no issues of material fact, Defendant should not have been granted summary judgment in its favor.

It is also evident from the Record that Plaintiff should not have been granted summary judgment on her Fifth Count for spread-of-hours wages. This Court found that Defendant's own submissions show that, albeit only slightly, Plaintiff worked for approximately 10.1 hours on December 2, 2017 (ECF Doc. Nos. 81 and 65-5 at 9). But the Timecard Report, which provides detailed electronic reporting of the amount of hours that Plaintiff worked, shows that Plaintiff worked 10.00 hours, not 10.1 hours. This cannot be controverted. Upon reconsideration, Defendant should be granted summary judgment in this regard, not Plaintiff.

## THE DECISION AND ORDER MISAPPREHENDS CASE LAW
## THAT BEAR DIRECTLY ON WHETHER OR NOT THERE SHOULD
## HAVE BEEN AN AWARD FOR LIQUDATED DAMAGES

This Court found that Defendant is liable for liquidated damages at least for unpaid overtime wages and failure to comply with the NYLL's notice requirement. (ECF Doc. No. 81). In doing so, this Court cited *Lavin-McEleney v. Marist Coll.*, No. 96CV4081, 1999 WL 33500070, at *2 (S.D.N.Y. Sept. 28, 1999), aff'd, 239 F.3d 476 (2d Cir. 2001), where the Second Circuit, after a jury trial, found that a defense under 29 U.S.C. § 260 usually requires reliance on erroneous advice from an outside

9

source, such as counsel or a government agency, and is not available when the violation is the result of a mistake by an employee of a defendant. In doing so, the Second Circuit cited to testimony at trial. There was testimony at trial that an employee viewed faculty salaries periodically to ascertain that defendant was in compliance with the law. The employee determined that the defendant had violated the Equal Pay Act, but then employed an alternative type of analysis of debatable validity and then concluded that Defendant was not in violation of the law. Upon a motion to amend a judgment, the Second Circuit found that Defendant's failure to investigate further whether they were in violation of the Equal Pay Act could not be considered objectively reasonable.

The *Lavin-McEleney* case, however, is unlike this case because there was a jury trial therein, leaving no material issues of fact. In the *Lavin-McEleney* case, a jury determined that an employee employed an alternative type of analysis of debatable validity. Subsequently, the trial judge, upon a motion to amend a judgment, found that Defendant's failure to investigate further was not objectively reasonable, presumably because the jury determined that the employee first employed a certain type of analysis, but when she did not receive a favorable result, she employed an alternative type of analysis of debatable validity. There is, however, no such testimony in this case. There is absolutely no evidence in the record that Defendant's manager unjustifiably relied on Defendant's Human Resource Manager.

There is, however, tons of evidence in the record that Defendant consulted with its Human Resource Manager to ascertain the dictates of both the FLSA and the NYLL; it pointed to misleading advice that it received from its Human Resource Manager; and that it followed the advice. When Defendant's manager, Tara Barnett questioned her Human Resource Manager, she was told that the Wage Notice was no longer required. Ms. Barnett had no reason to believe

10

otherwise.  Defendant's Human Resource Manager removed the Wage Notice despite numerous conversations and emails from her promising Defendant that she would make sure that the Wage Notices were provided to and signed by all employees.  Defendant's Human Resource Manager is no longer employed by Defendant.  (ECF Docs. 65 (Rosenbluth Aff., ¶s 25-27) and 66 (Barnett's Aff., ¶ 15)).

Upon reconsideration, this Court should determine that Defendant took active steps to ascertain the dictates of NYLLs; acted to comply with them; and objectively and reasonably relied on the expertise of its Human Resource Manager, who gave Defendant misleading advice.  *See Garcia v. Saigon Mkt. LLC*, 2019 US Dist LEXIS 163259, at *6 (S.D.N.Y., Sept. 24, 2019), No. 15-V-9433-VSB, where the court awarded summary judgment to plaintiff on liquidated damages issue where defendants did not point to any misleading advice tendered by either the accountant or another professional that could support their claim of objectively reasonable grounds for defendants' violations.  Summary judgment should therefore not have been granted to Plaintiff.

## CONCLUSION

For the foregoing reasons, Defendant Club Azure respectfully requests that its motion to reargue and reconsider this Court's Decision and Order, dated March 24, 2022, be granted in its entirety.

Dated:  April 7, 2022

/s/      Alison I. Blaine
Alison I. Blaine (AB 1986)
Attorney for Defendant Club Azure, LLC
617 11th Avenue
New York, New York  10036
Tel:  (212) 246-9090
E-Mail Address:  ablaine@metlumber.com

11

**CERTIFICATION OF SERVICE**

I hereby certify that on April 7, 2022, a copy of Defendant's Memorandum of Law in support of its motion to reconsider the Court's March 24, 2022 Decision and Order was filed electronically using the Court's electronic filing system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


Dated:  New York, New York
       April 7, 2022                  /s/ Alison I. Blaine_____
                                      Alison I. Blaine