UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
LUISA SANTOS DE OLIVEIRA, *individually* :
*and on behalf of others similarly situated,* :
                                              :
                    Plaintiff,                :
                                              :        MEMORANDUM DECISION
     -against-                                :            AND ORDER
                                              :
SCORES HOLDING COMPANY INC.;                  :         18 Civ. 06769 (GBD)
CLUB AZURE LLC; ROBERT GANS;                  :
MARK S. YACKOW; HOWARD                        :
ROSENBLUTH,                                   :
                                              :
                    Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE B. DANIELS, United States District Judge:

Defendant Club Azure, LLC[1] moves for reconsideration and reargument, (Mot. for

Recons., ECF No. 82), of this Court's March 24, 2022 Memorandum Decision and Order, (ECF

No. 81), which granted Plaintiff Luisa Santos de Oliveira's cross-motion for partial summary

judgment. Defendant's motion is DENIED.

## I.        BACKGROUND

The factual and procedural background of this case has been discussed at length in the

Decision. Except for the minor distinctions made on this motion, this Court appropriately relies

upon such background.

On July 27, 2018, Plaintiff brought this action against Defendant for violations under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law

---

[1] The Club conducted business as "Scores."

("NYLL").[2]  Plaintiff's nine-count complaint alleged that Defendant failed to pay her statutory minimum wages, overtime wages, and spread-of-hours wages; did not provide her accurate wage statements or the requisite notices for taking tip credits; did not reimburse her for equipment costs; and misappropriated tips.  (*See* Compl., ECF No. 1, at ¶¶ 89–127.)  At the end of discovery, the parties cross-moved for summary judgment.  (*See* Def.'s Mot. for Summ. J., ECF No. 64; Pl.'s Opp. and Cross Mot. for Summ. J., ECF No. 69.)

In its Decision of March 24, 2022, this Court partially granted Defendant's motion for summary judgment in finding Defendant not liable for failure to provide a written wage notice at the time of hiring (count 6) or for failure to provide accurate wage statements (count 7) in violation of the Wage Theft Prevention Act ("WTPA"), under NYLL § 195(1)(a) and 195(3), respectively. (*See* Decision at 2.)  Plaintiff's cross-motion did not oppose Defendant's motion for summary judgment on the claims for reimbursement of equipment costs (count 8) or for misappropriated tips (count 9).  (*See* Pl.'s Opp. and Cross Mot. for Summ. J. at 10–11.)  Defendant prevailed on both counts.  (*See* Decision at 2–4.)

However, this Court partially granted Plaintiff's cross-motion in finding Defendant liable for failure to pay overtime wages in violation of the FLSA and NYLL (counts 2 and 4), failure to comply with NYLL's separate *written* notification requirement for using a tip credit to pay a minimum hourly rate (count 3), failure to pay spread-of-hours wages (count 5), and liquidated damages.  (*See id.* at 2.)  This Court also held that any dispute as to whether Defendant verbally conveyed a tip-credit notice to Plaintiff in compliance with the FLSA (count 1) to be moot, given

---

[2] Plaintiff originally brought this case as a class-action suit against four additional Defendants (Scores Holding Company Inc., Robert Gans, Mark S. Yackow, and Howard Rosenbluth). (*See* Compl.)  Plaintiff did not move for class certification and abandoned her class-action claims.  Plaintiff voluntary dismissed Scores Holding Company Inc., Robert Gans, Mark S. Yackow, and Howard Rosenbluth on March 25, 2021.  (Stipulation of Voluntary Dismissal, ECF No. 60.)

2

the Court's holding against Defendant as to the tip-credit notice under the NYLL (count 3) and the inability of an employee to receive a double recovery of back wages under both the FLSA and NYLL. (*See id.* at 2 n.4 (citing cases).)

## II. LEGAL STANDARD

Under Federal Rule 59(e) and Local Rule 6.3, reconsideration is not favored and is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such narrow grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## III. DEFENDANT'S MOTION FOR RECONSIDERATION IS DENIED

Defendant argues that it is entitled to reconsideration because the Court committed clear error by overlooking material facts or making inferences not justified by the record. (*See* Mot. for

3

Recons. at 3.)  Defendant first argues that the Court erred in granting summary judgment in Plaintiff's favor on count 3 "for failure to provide an adequate wage notification."  (*Id.* at 4.) However, Defendant confuses count 3 with count 6's claim regarding a written wage notice at the time of hiring under the WTPA—the latter of which Defendant prevailed on due to the statutory affirmative defense under NYLL § 198(1-b).  (*See* Decision at 8.)  In contrast to count 6, counts 1 and 3 concerned the notification requirement for using a *tip credit* to meet the statutory minimum hourly rate pursuant to the FLSA and NYLL, respectively.  On count 3, this Court found for Plaintiff due to Defendant's failure to meet the *written* tip-credit notice requirement for applying a tip credit to meet the Plaintiff's minimum wage under the NYLL.[3]  (*See id.* at 7–8.)  As to count 1 under the FLSA, this Court held the claim to be moot due to the inability of Plaintiff to receive a double recovery of back wages under both the FLSA and NYLL for Defendant's tip-credit violations.  (*See id.* at 2 n.4.)

Defendant's rehashed arguments that its New York and Federal Labor Law Posters provided sufficient notice remain unavailing.  Defendant cites *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 (S.D.N.Y. 2011), for the "acknowledge[ment] that a poster explaining the tip credit constitutes sufficient notice."  (Mot. for Recons. at 5.)  Defendant misconstrues *Copantitla* and the countervailing case law from other circuits that *Copantitla* found unpersuasive. While *Copantitla* noted that "[s]ome courts have held or suggested that a poster can constitute[] sufficient notice," the court then found that such a poster was insufficient in the case before it because "[a] generic government poster could inform employees that minimum wage obligations exist, but could not possibly inform employees that their employers intend to take the tip credit

---

[3] As noted by this Court, liability for count 3 does not in itself establish the amount of damages, and the Club has demonstrated that it paid Plaintiff more than the statutory minimum wage under New York law. (*See* Decision at 8 n.11.)

with respect to their salar[ies]."  788 F. Supp. 2d at 289.  As in *Copantitla*, "[i]t does not 'defy

logic' that the Department of Labor would require[] posted notice about the minimum wage laws

generally, but also require specific notice to a tipped employee that tips would be used in [her]

case to meet the employer's minimum wage obligation."  *Id.* at 290 n.15.  This Court finds that

Defendant's posters "address[ed] a broader responsibility of the employer to inform employees of

the minimum wage provisions more generally, as opposed to the tip-credit notice requirement."

*Id.*  Defendant's posters failed to provide sufficient notice to Plaintiff for using a tip credit to pay

a minimum hourly rate under the NYLL.

Defendant's remaining arguments as to her overtime wages (counts 2 and 4) also fail to

justify reconsideration.  Defendant argues that Plaintiff abandoned her overtime wages claims by

not opposing Defendant's motion for summary judgment on those claims.   (Mot. for Recons. at

9.)  Yet, Plaintiff's opposition motion is replete with mention of her overtime wages claims, (*see*

Pl.'s Opp. and Cross Mot. for Summ. J. at 2, 8, 11), in addition to incorporating her response and

counter statement of undisputed material facts, which recounts her overtime claims, (*see id.* at 2;

Resp. and Counter Statement of Undisputed Material Facts, ECF No. 71, at ¶ 12).  Plaintiff never

abandoned her overtime wages claims in counts 2 and 4.

Defendant's arguments as to the spread-of-hours wages (count 5) are similarly unavailing.

Defendant's own submissions show that Plaintiff worked for 10.1 hours on December 2, 2017 by

clocking in at 7:46 pm and clocking out at 5:52 am. (Aff. of Howard Rosenbluth, ECF No. 65-5,

at 9.)  There was no error in granting Plaintiff summary judgment for count 5, notwithstanding the

Timecard Report's automatic readout of 10.00 or Defendant's persistent difficulty in calculating

the spread.

Finally, there was no error in this Court's finding for liquidated damages because Defendant's reliance on the erroneous legal advice of its own Human Resource Manager still fails to establish good faith. (*See* Decision at 11 (citing *Lavin-McEleney v. Marist Coll.*, No. 96CV4081, 1999 WL 33500070, at *2 (S.D.N.Y. Sept. 28, 1999), *aff'd*, 239 F.3d 476 (2d Cir. 2001)).) Here, Defendant's restated reliance arguments opposing this Court's liquidated damages determination merely—and impermissibly—employ a motion for reconsideration as "a vehicle for relitigating old issues." *See Analytical Survs.*, 684 F.3d at 52.

## IV. CONCLUSION

Defendant's motion for reconsideration and reargument is therefore DENIED. The Clerk of Court is directed to close the open motion at ECF No. 82 accordingly.

Dated: November 14, 2022
New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE